**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: _____

HARRY SEGAL a/k/a HAIM SEGAL,
        Plaintiff,

      )   **COMPLAINT**

v.         )
MYMAGICHEALER NATURAL   )

CORPORATION, a Canadian corporation,   )   **JURY TRIAL DEMANDED**
and AMAZON.COM, INC., a Delaware   )

corporation,       )

        Defendants.   )

FILED BY _____ D.C.

DEC 1 2 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Harry Segal a/k/a Haim Segal, appearing *pro se*, brings this action against

Defendants MyMagicHealer Natural Corporation and Amazon.com, Inc., and respectfully

alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a products liability and consumer fraud action arising from the sale of an

illegal, unapproved drug through Amazon.com. The product—marketed as "My Magic

Healer"—makes explicit therapeutic claims to cure diseases and treat medical conditions, yet it

has never been approved by the U.S. Food and Drug Administration, has never been tested for

safety or efficacy, and is illegal under federal law. The FDA has warned Amazon *twice* that it is

selling illegal drugs to American consumers. Amazon continues to sell them anyway.

1

## I.

## PARTIES

2.      Plaintiff Harry Segal a/k/a Haim Segal ("Plaintiff") is an individual and citizen of the State of Florida, residing in Miami-Dade County, Florida.

3.      Defendant MyMagicHealer Natural Corporation ("My Magic Healer") is, upon information and belief, a Canadian corporation with its principal place of business at 2-1077 Loseth Dr., Kelowna, BC, Canada V1P 1P1. My Magic Healer manufactured the product at issue, created the false and misleading therapeutic claims used to market it, and sold the product to American consumers through Amazon's platform without FDA approval.

4.      Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon operates the Amazon.com website and the Fulfillment by Amazon ("FBA") program through which the product at issue was stored, marketed, sold, and shipped to Plaintiff. Under applicable law, Amazon is a "seller" and "distributor" of the product.

5.      **Defendants are jointly and severally liable** for all claims alleged herein.

## II.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff is a citizen of Florida. Defendant Amazon is a citizen of Delaware and

2

Washington. Defendant My Magic Healer is a citizen of Canada. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      This Court has jurisdiction over Plaintiff's Magnuson-Moss Warranty Act claims pursuant to 15 U.S.C. § 2310(d).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, including Plaintiff's exposure to the product, Plaintiff's injuries, and Plaintiff's purchase of the product while located in Miami-Dade County, Florida.

10.     This Court has personal jurisdiction over both Defendants. Amazon conducts substantial business in Florida, maintains fulfillment centers in Florida, and purposefully directed its activities toward Florida residents. My Magic Healer sold products to Florida residents through Amazon's platform and caused tortious injury in Florida.

## III.

## FACTUAL BACKGROUND

**A.      The Product Is an Illegal, Unapproved Drug Under Federal Law**

11.     Under the Federal Food, Drug, and Cosmetic Act ("FDCA"), a product is a "drug" if it is "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease." 21 U.S.C. § 321(g)(1)(B). **Any product that claims to treat a medical condition—including**

3

boils, cysts, hemorrhoids, or any other disease—is a "drug" under federal law and requires FDA approval before it can be legally sold.

12.    Under 21 U.S.C. § 355(a), "[n]o person shall introduce or deliver for introduction into interstate commerce any new drug" unless an FDA-approved application is in effect for that drug.

13.    The My Magic Healer product has no FDA approval. It does not appear in any FDA drug database, including:

(a)    The FDA's National Drug Code (NDC) Directory, searchable at https://www.fda.gov/drugs/drug-approvals-and-databases/national-drug-code-directory;

(b)    The FDA's Orange Book of Approved Drug Products, searchable at https://www.accessdata.fda.gov/scripts/cder/ob/; and

(c)    DailyMed, the official FDA drug labeling database, searchable at https://dailymed.nlm.nih.gov/dailymed/.

14.    No application for FDA approval has ever been submitted for this product. No safety or efficacy testing has ever been conducted under FDA oversight. The product is an illegal, unapproved drug.

B.    The Product's Specific Illegal Drug Claims

15.    The Amazon product listing for My Magic Healer is located at:

4

*https://www.amazon.com/MyMagicHealer-Universal-Hemorrhoids-Pilonidal-Anti-Chafing/dp/B0DZHR9C88*

16.     The listing contains the following claims that render the product an illegal, unapproved drug under 21 U.S.C. § 321(g)(1)(B):

(a)     **Disease/Medical Condition Claims:** The listing states the product is "Effective for" the following diseases and medical conditions: "hidradenitis suppurativa" (chronic inflammatory skin disease); "boils" (bacterial skin infections); "cysts"; "hemorrhoids"; "abscess" (infected tissue); "staph infections" (bacterial infections); "pilonidal cysts" (often requiring surgical intervention); "fissures" and "anal fissure"; and "stye" (bacterial infection of the eyelid).

(b)     **Express "Cure" Claim:** The listing explicitly uses the phrase "**stye eye cure**"—an unambiguous claim that the product cures a disease.

(c)     **Therapeutic Effect Claims:** The listing claims the product will "calm redness," "ease pain," "protect skin through every stage of healing," "supports repair," "reduces discomfort," and provides "Relief for Itching Skin."

(d)     **Drug Category Claims:** The listing categorizes the product as a "Drawing Salve" and "Wound Care" product.

(e)     **Efficacy Claims:** The listing claims "Relief for 97% of Skin Issues" and states the product is "trusted by thousands."

17.     **Every one of these claims violates federal law.** The product is an illegal, unapproved drug being sold openly on America's largest online retailer.

5

**C.     FDA Has Warned Amazon Twice About Illegal Drug Sales**

18.     The U.S. Food and Drug Administration has warned Amazon—not once, but *twice*—that Amazon is selling illegal drugs to American consumers:

> **(a)     August 2022:** FDA sent Amazon a warning letter identifying "unlawful drugs masquerading as therapeutic dietary supplements" being sold on Amazon's platform.

> **(b)     March 2025:** FDA sent Amazon Warning Letter No. 695821, addressed directly to CEO Andy Jassy, stating that Amazon was "responsible for introducing or delivering for introduction into interstate commerce products that are unapproved new drugs."

19.     Despite these warnings, Amazon continues to sell illegal, unapproved drugs to American consumers, including the My Magic Healer product.

**D.     Amazon's Active Role in the Distribution of Illegal Drugs**

20.     Amazon did not merely provide a passive platform for this illegal sale. Through its Fulfillment by Amazon program, Amazon:

> (a)     Stored the product in its warehouse;

> (b)     Hosted and controlled the product listing;

> (c)     Processed Plaintiff's payment;

> (d)     Collected fees on the transaction;

> (e)     Packaged the product in Amazon-branded packaging; and

 (f)  Shipped the product directly to Plaintiff.

21. **Amazon was not a bystander—Amazon was an active participant in the distribution of an illegal drug.**

22. The Consumer Product Safety Commission has held that Amazon is legally responsible as a "distributor" for hazardous products sold through its FBA program. *See In re Amazon.com, Inc.*, CPSC Docket No. 21-2 (July 2024). Multiple courts have held Amazon strictly liable for defective products sold through FBA. *See, e.g., Bolger v. Amazon.com, LLC*, 53 Cal.App.5th 431 (2020); *McMillan v. Amazon.com, Inc.*, 983 F.3d 194 (5th Cir. 2020).

**E. Amazon's False Safety Representations**

23. Amazon publicly represents that it protects consumers from unsafe products. Amazon claims to invest over $400 million annually in consumer safety. Amazon represents that it vets sellers, screens products, and removes items that violate its policies or applicable laws.

24. These representations are false. Amazon does not screen products for FDA compliance. Amazon does not verify therapeutic claims. Amazon does not remove illegal products—even after the FDA specifically tells Amazon it is selling illegal drugs.

**F. Plaintiff's Purchase and Reliance**

25. In October 2025, Plaintiff experienced a skin condition and accessed Amazon.com to search for a product that could provide relief.

26. Between October 20-23, 2025, Plaintiff reviewed the My Magic Healer product listing. He read the product description, which made explicit therapeutic claims. He reviewed

7

customer testimonies. He relied on Amazon's representations that it protects consumers from unsafe products.

27.     On October 23, 2025, Plaintiff purchased the product through Amazon.com (**Order No. 113-0315972-6197074**).

28.     At no point did Defendants warn Plaintiff that the product was an unapproved drug, had never been tested for safety, or was illegal under federal law.

**G.     Plaintiff's Injuries**

29.     Plaintiff applied the product to his skin as directed. The product caused an immediate and severe adverse reaction, including severe burning, intense itching, and an extensive rash.

30.     Plaintiff's injuries persisted for multiple days. The visible skin damage prevented him from conducting normal business activities, caused him to cancel client meetings, and resulted in lost business opportunities.

31.     Plaintiff required medical treatment and incurred medical expenses. Plaintiff continues to suffer residual effects, including emotional distress.

## IV.

## CAUSES OF ACTION

## COUNT I

### Violation of Florida Deceptive and Unfair Trade Practices Act

*(Fla. Stat. § 501.201 et seq.) – Against All Defendants*

32.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

33.     FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

34.     Defendants engaged in unfair and deceptive practices by selling an illegal drug with false therapeutic claims while failing to disclose its unapproved status.

35.     Plaintiff suffered actual damages and is entitled to treble damages under Fla. Stat. § 501.211. Defendants are jointly and severally liable.

## COUNT II

### Strict Products Liability – Design Defect

*Against All Defendants*

36.     Plaintiff re-alleges and incorporates all preceding paragraphs. The product was defective in design because it was unreasonably dangerous when used as intended. The defect

9

existed when the product left Defendants' control. Plaintiff suffered injuries as a direct result.

Defendants are jointly and severally liable.

## COUNT III

### Strict Products Liability – Failure to Warn

*Against All Defendants*

37.    Plaintiff re-alleges and incorporates all preceding paragraphs. Defendants failed to provide adequate warnings about the product's risks, unapproved status, and lack of safety testing. Adequate warnings would have prevented Plaintiff's injuries. Defendants are jointly and severally liable.

## COUNT IV

### Strict Products Liability – Manufacturing Defect

*Against All Defendants*

38.    Plaintiff re-alleges and incorporates all preceding paragraphs. The product deviated from its intended design or contained contaminants that made it unreasonably dangerous. Defendants are jointly and severally liable.

## COUNT V

### Negligence

*Against All Defendants*

39.    Plaintiff re-alleges and incorporates all preceding paragraphs. Defendants owed Plaintiff a duty of reasonable care and breached that duty by selling an illegal drug, failing to test

10

for safety, failing to warn of known risks, and making false therapeutic claims. Defendants are jointly and severally liable.

## COUNT VI

### Breach of Express Warranty

*Against All Defendants*

40.     Plaintiff re-alleges and incorporates all preceding paragraphs. Defendants expressly warranted that the product was safe and effective. Plaintiff relied on these warranties. The product did not conform to these warranties and caused injury. Defendants are jointly and severally liable.

## COUNT VII

### Breach of Implied Warranty of Merchantability

*Against All Defendants*

41.     Plaintiff re-alleges and incorporates all preceding paragraphs. The product was not merchantable because it was an illegal drug that caused injury. Defendants are jointly and severally liable.

## COUNT VIII

### Breach of Implied Warranty of Fitness for Particular Purpose

*Against All Defendants*

42.     Plaintiff re-alleges and incorporates all preceding paragraphs. Defendants knew Plaintiff's purpose in purchasing the product based on its therapeutic claims. The product was not fit for this purpose. Defendants are jointly and severally liable.

## COUNT IX

### Fraudulent Misrepresentation

*(Pled with Particularity Pursuant to Fed. R. Civ. P. 9(b)) – Against All Defendants*

43.     Plaintiff re-alleges and incorporates all preceding paragraphs.

44.     Under Florida law, the elements of fraudulent misrepresentation are: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance. *See Johnson v. Davis*, 480 So.2d 625, 627 (Fla. 1985).

45.     Pursuant to Fed. R. Civ. P. 9(b), Plaintiff states with particularity:

**WHO:** Defendant MyMagicHealer Natural Corporation made false representations through its Amazon product listing. Defendant Amazon.com, Inc. made false representations through its website and its claims of consumer protection.

**WHAT:** The product listing stated the product is "Effective for hidradenitis suppurativa, boils and cysts, fissures, hemorrhoids, abscess, staph infections, pilonidal cysts, stye eye

12

cure and more." Amazon represented it protects consumers from unsafe products. These statements were false.

**WHEN:** Between October 20-23, 2025 when Plaintiff viewed the listing, and on October 23, 2025 when Plaintiff completed his purchase (Order No. 113-0315972-6197074).

**WHERE:** On Amazon.com at https://www.amazon.com/MyMagicHealer-Universal-Hemorrhoids-Pilonidal-Anti-Chafing/dp/B0DZHR9C88, accessible to Plaintiff in Miami-Dade County, Florida.

**HOW:** Through the product title "MyMagicHealer Universal Flare Care | Drawing Salve for HS, Boils, Cysts, Hemorrhoids, Pilonidal Cyst, Abscess | Anti-Chafing, Wound Care, Relief for Itching Skin," the product description, images, and Amazon's corporate statements.

**WHY FALSE:** The product is an unapproved drug with no FDA approval, no safety testing, and no efficacy data. Amazon knew it was selling illegal drugs after two FDA warnings yet continued to do so.

46.     Plaintiff justifiably relied on these representations and suffered damages as a direct result. *See Besett v. Basnett*, 389 So.2d 995 (Fla. 1980). Defendants are jointly and severally liable.

## COUNT X

### Negligent Misrepresentation

*Against All Defendants*

47.     Plaintiff re-alleges and incorporates all preceding paragraphs. Defendants made false representations without exercising reasonable care. Plaintiff justifiably relied on these representations and suffered damages. Defendants are jointly and severally liable.

## COUNT XI

### Violation of Magnuson-Moss Warranty Act

*(15 U.S.C. § 2301 et seq.) – Against All Defendants*

48.     Plaintiff re-alleges and incorporates all preceding paragraphs. The product is a "consumer product" under 15 U.S.C. § 2301(1). Defendants made written warranties regarding safety and efficacy. Defendants breached these warranties. Plaintiff is entitled to damages and attorney's fees under 15 U.S.C. § 2310(d).

## COUNT XII

### Negligent Undertaking

*Against Amazon*

49.     Plaintiff re-alleges and incorporates all preceding paragraphs. Amazon voluntarily undertook to protect consumers from unsafe products. Plaintiff relied on this undertaking. Amazon failed to exercise reasonable care, and Plaintiff suffered damages as a result.

## COUNT XIII

### Unjust Enrichment

*Against All Defendants*

50.    Plaintiff re-alleges and incorporates all preceding paragraphs. Plaintiff conferred a benefit on Defendants. Defendants accepted this benefit. It would be inequitable for Defendants to retain the benefit. Defendants are jointly and severally liable.

## COUNT XIV

### Negligence Per Se

*(Violations of Federal Food, Drug, and Cosmetic Act) – Against All Defendants*

51.    Plaintiff re-alleges and incorporates all preceding paragraphs. Defendants violated 21 U.S.C. §§ 331(d) and 355(a) by introducing an unapproved drug into interstate commerce. These statutes protect consumers like Plaintiff. Defendants' violations constitute negligence per se. Defendants are jointly and severally liable.

## COUNT XV

### Gross Negligence and Willful Misconduct

*Against Amazon*

52.    Plaintiff re-alleges and incorporates all preceding paragraphs. Amazon's conduct constitutes gross negligence and willful misconduct because Amazon continued to sell illegal drugs after receiving two FDA warning letters (August 2022 and March 2025). Amazon's conscious disregard of FDA warnings supports punitive damages.

15

## COUNT XVI

### Civil Conspiracy

*Against All Defendants*

53. Plaintiff re-alleges and incorporates all preceding paragraphs. Defendants engaged in a civil conspiracy to sell illegal drugs through their interdependent business relationship. Defendants committed overt acts in furtherance of the conspiracy. Plaintiff suffered damages. Defendants are jointly and severally liable.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Harry Segal a/k/a Haim Segal respectfully requests that this Court enter judgment against Defendants, jointly and severally, and award:

A.   Compensatory damages in excess of $500,000;

B.   Treble damages under FDUTPA, Fla. Stat. § 501.211;

C.   Punitive damages under Fla. Stat. § 768.72;

D.   Disgorgement of Defendants' profits;

E.   Pre-judgment and post-judgment interest;

F.   Costs of suit; and

G.   Such other relief as this Court deems just and proper.

16

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury on all issues so triable.

Dated: December 1, 2025

Respectfully submitted,

*/s/ Harry Segal*

**HARRY SEGAL a/k/a HAIM SEGAL**

*Plaintiff, Pro Se*

18117 Biscayne Blvd #4464

Miami, FL 33160

Email: pitkinhomes@gmail.com

## PARTY INFORMATION

### PLAINTIFF:

| | |
|---|---|
| **Name:** | HARRY SEGAL a/k/a HAIM SEGAL |
| **Status:** | Pro Se Plaintiff |
| **Citizenship:** | Citizen of Florida |
| **Address:** | 18117 Biscayne Blvd #4464, Miami, FL 33160 |
| **County:** | Miami-Dade County, Florida |
| **Email:** | pitkinhomes@gmail.com |

### DEFENDANT NO. 1:

| | |
|---|---|
| **Name:** | MYMAGICHEALER NATURAL CORPORATION |
| **Type:** | Canadian Corporation |
| **Citizenship:** | Foreign Nation (Canada) |
| **Address:** | 2-1077 Loseth Dr., Kelowna, BC, Canada V1P 1P1 |

### DEFENDANT NO. 2:

| | |
|---|---|
| **Name:** | AMAZON.COM, INC. |
| **Type:** | Delaware Corporation |
| **Citizenship:** | Delaware and Washington |
| **Principal Place:** | Seattle, Washington |
| **Address:** | 410 Terry Avenue North, Seattle, WA 98109 |
| **FL Agent:** | Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301 |